UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DENNIS GERARD MACON,  )<br>  )<br>               Plaintiff,  )<br>  )<br>               -vs-  )<br>  )<br>ANDREW M. SAUL,  )<br>Commissioner of Social Security,  )<br>  )<br>             Defendant.  )<br>_____  ) | Civil Action No.: 4:19-CV-03241-TER<br><br><br><br>**ORDER** |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned by voluntary consent pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I. RELEVANT BACKGROUND

### A. Procedural History

Plaintiff filed an application for DIB on January 6, 2017, alleging inability to work since September 25, 2015. His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on September 7, 2018, at which time Plaintiff testified. (Tr. 18). The Administrative Law Judge (ALJ) issued an unfavorable decision on December 7, 2018, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 18-25). Plaintiff filed a request for review of the ALJ's decision, and submitted additional evidence, which the Appeals Council denied on September 11, 2019, making the ALJ's decision the

Commissioner's final decision. (Tr. 1-3). Plaintiff filed this action on November 15, 2019 (ECF No. 1).

B.   **Plaintiff's Background and Medical Records**

Plaintiff was born on August 9, 1962, and was fifty-four years old on the date last insured. (Tr. 24). Plaintiff had at least a high school education and past work as a truck driver, janitor, and heavy equipment operator. (Tr. 23). Plaintiff alleged disability due to seizures, back pain, vision disturbance, high blood pressure, and gout. (Tr. 70). Relevant medical records will be summarized under pertinent issue headings.

C.   **The ALJ's Decision**

In the decision of December 7, 2018, the ALJ made the following findings of fact and conclusions of law (Tr. 18-25):

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2017.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 25, 2015 through his date last insured of June 30, 2017 (20 CFR 404.1571 *et seq.*; Exs. 7D; 9D; 10D).

3. Through the date last insured, the claimant had the following severe impairments: kidney disorders (renal injury and failure); blood disorders (metabolic acidosis, hypocholemia, anemia); foot impairment, bilateral (edema secondary to medicine); leg impairment, bilateral (edema secondary to medicine); lumbar spine disorder; gastrointestinal disorders (dysphagia, esophageal ulcer); and neurological disorder (epilepsy) (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c), subject to the following limitations: frequently push and pull foot controls with the bilateral feet; frequently climb ramps and stairs; never climb ladders,

      ropes, and scaffolds; frequently kneel, crouch, and crawl; never be exposed to unprotected heights, moving mechanical parts, vibration, or extreme cold; and never operate a motor vehicle.

6. Through the date last insured, the claimant was capable of performing past relevant work as a church janitor. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 25, 2015, the alleged onset date, through June 30, 2017, the date last insured (20 CFR 404.1520(f)).

## II. DISCUSSION

Plaintiff argues the ALJ failed to explain his RFC findings as required by SSR 96-8p, in particular omitting information regarding Dr. Ford's consultation and regarding use of an assistive device. Plaintiff also argues the ALJ omitted a proper discussion of symptoms related to hypokalemia and anemia. Plaintiff argues the ALJ erred in his subjective symptom evaluation.

The Commissioner argues that the ALJ's decision is supported by substantial evidence.

### A.    LEGAL FRAMEWORK

#### 1.    The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A). To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460

(1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA. See 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

4

bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence.

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**B.     ANALYSIS**

**RFC**

Plaintiff argues the ALJ failed to explain his RFC findings as required by SSR 96-8p, in particular omitting information regarding Dr. Ford's consultation and regarding use of an assistive device. Plaintiff also argues the ALJ omitted a proper discussion of symptoms related to hypokalemia and anemia in the RFC determination.

An adjudicator is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 416.946(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *2. This ruling provides that: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8, *7. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* Additionally, " 'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of

which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.' " *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (*quoting Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision. *See Craig*, 76 F.3d at 595.

Plaintiff argues the ALJ's RFC explanation omits important information from Dr. Ford's consultative exam and the ALJ erred when stating there was no evidence of Plaintiff using an assistive device. (Tr. 23).

The ALJ stated: "Additionally, there is no evidence of the claimant using an assistive device, in late 2017 no deformity was noted in his extremities (Ex. 9F). Consultative examination findings reveal full motor strength and no back spasm (Ex. 4F, 4). Overall, the evidence above is inconsistent with disability and does not preclude a range of medium work as described above." (Tr. 23).

Exhibit 4F is an examination by Dr. Ford of Carolina Occupational Healthcare on February 12, 2016, with Plaintiff presenting for an evaluation of back problems and cramping in hands and feet. (Tr. 529). Plaintiff reported 10/10 pain in his back worsening and radiating. (Tr. 529). Plaintiff reported foot and hand pain episodes at level 8 three times a week lasting 15 minutes. Plaintiff reported a possible alcohol withdrawal seizure. Plaintiff never filled Keppra and had not seen a neurologist due to no insurance. (Tr. 529). Plaintiff reported he could stand for 10 minutes then needed to rest for 30 minutes. Plaintiff reported he could sit for 2 hours then must shift or get up. Plaintiff reported he needed a cane to help him keep balance and keep weight off his back. (Tr. 529). Plaintiff reported he could not shop or walk a block. (Tr. 530). Upon exam, Plaintiff had some difficulty in moving to and from the seated to supine position and from seated to standing position.

(Tr. 531). Under musculoskeletal, there was no muscle wasting. There was tenderness over the left AC joint and the low back across the midline and bilateral iliac crests.  (Tr. 531). Plaintiff could squat half way. (Tr. 531). Sharp/dull discrimination was diminished in hands and feet, as well as vibratory sensation. Tinel's sign was present in the left wrist. (Tr. 532). Upon neurologic exam, "[g]ait is ataxis without his cane. The patient is unable to tandem walk due to poor balance. He can heel walk. He cannot toe walk due to pain in his back." (Tr. 532). "Summary" was back pain, hand and feet numbing and cramping, seizure disorder, Tinel's sign left wrist, elevated blood pressure, diminished OS acuity, HTN, and GERD. (Tr. 533). Dr. Ford did not give any opinions about any limitations.

The ALJ's one sentence summary of Dr. Ford's examination fails to consider the abnormal gait findings or reconcile such with a medium RFC finding. Defendant's post hoc rationalization regarding a consideration of Dr. Ford's exam by non-examining state agency physicians does not absolve the ALJ of his duty to resolve inconsistencies in the record. The ALJ's statements regarding an assistive device also may not be an accurate characterization of the record given Dr. Ford's examination. These matters are to be resolved by the ALJ in the first place, and is not for the court to speculate how the ALJ would resolve conflicting evidence.

The ALJ is obligated to consider all evidence, not just that which is helpful to his decision. *Gordon v. Schweiker*, 725 F.2d 231, 235-36 (4th Cir. 1984); *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987).  Resolving conflicting evidence with reasonable explanation is an exercise that falls within the ALJ's  responsibility and is outside the court's scope of review. *See Mascio v. Colvin*, 780 F.3d 632, 637-40 (4th Cir. 2015). Substantial evidence does not support the ALJ's finding of a

medium[3] RFC where conflicting evidence is left unresolved.

Upon remand, the Commissioner should address all of Plaintiff's remaining issues. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

### III. CONCLUSION

The court is constrained by its limited function under 42 U.S.C. § 405(g). Our function is to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). As discussed above, the ALJ's decision is not based on substantial evidence.[4]

"We cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235–36 (4th Cir. 1984)(citing *Myers v. Califano*, 611 F.2d 980, 983 (4th Cir.1980); *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir.1979); *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir.1977)). "The ALJ is not required to discuss every piece of evidence, but if he does not mention material evidence, the court cannot say h[er] determination was supported by substantial evidence." *Seabolt v. Barnhart*, 481 F. Supp. 2d

---

[3] "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday ..." SSR 83-10, 1983 WL 31251,*6.

[4] Remand, rather than reversal, is required when the ALJ fails to explain her reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir.2013).

538, 548 (D.S.C. 2007)(citing *Arnold v. Sec'y*, 567 F.2d 258, 259 (4th Cir.1977) ("The courts ... face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that h[er] decision is supported by substantial evidence approaches an abdication of the court's duty....")).

It may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and this case is REMANDED to the Commissioner for further administrative action as set forth above.

February 22, 2021  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge